**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

CURTIS LEACH,

                       Plaintiff,

v.

NATIONAL GRID and AXELON
SERVICES CORPORATION,

                     Defendants.

Civil Action No.

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant National Grid USA Service Company, Inc. ("National Grid") submits this Notice of Removal of the above-captioned action to the United States District Court for the District of Massachusetts from the Superior Court of Massachusetts, County of Middlesex, where the action is now pending.

## I.      TIMELINESS OF REMOVAL

1.      Plaintiff, Curtis Leach, filed a civil action in the Superior Court of Massachusetts, County of Middlesex, entitled *Curtis Leach v. National Grid and Axelon Services Corporation*, Civil Docket No. 1881CV01317, on May 7, 2018. On June 4, 2018, Plaintiff served National Grid with the Complaint and Civil Action Cover Sheet in such action. Copies of the Complaint and Civil Action Cover Sheet are attached as Exhibits A and B. These documents are the only process, pleadings, or orders served on Defendant, or known by Defendant to have been filed or issued, in the state court action. *See* 28 U.S.C. § 1446(a).

2.      Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within thirty (30) days after service of process on Defendant.

## II.   VENUE

3.      The Superior Court of Massachusetts, County of Middlesex, is located within the District of Massachusetts. *See* 28 U.S.C. § 101. Therefore, venue is proper in this Court because it is the district "embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III.   BASIS FOR REMOVAL: DIVERSITY JURISDICTION

1.      Removal is appropriate under this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. A party may remove a pending state court action to federal court if the federal district court would have had original jurisdiction. *See* 28 U.S.C. 1441. Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a).

2.      Plaintiff is a citizen of New Hampshire. *See* Complaint, ¶ 1.

3.      Defendant National Grid is a Delaware corporation, with a principal place of business in Brooklyn, New York. As such, National Grid is a citizen of both the State of Delaware and the State of New York.

4.      Defendant Axelon Services Corporation ("Axelon") is a New York corporation, with a principal place of business in New York, New York. *See* Complaint, ¶ 3 [and affidavit?].

5.      This is an action to recover damages for alleged unpaid wages under the Massachusetts Wage Act ("Wage Act"), discrimination under M.G.L. c. 151B, and common law claims for wrongful termination in violation of public policy, retaliation, quantum meruit, unjust enrichment, and breach of contract. Plaintiff's claims for damages include unpaid wages, including treble damages and attorney's fees under the Wage Act, front pay, back pay, emotional distress damages, and punitive damages. *See* Complaint, "Wherefore" section following Count V.

6.      Plaintiff does not specify the amount in controversy in his Complaint.  In the Civil Action Cover Sheet, Complaint listed "> $35,000" as the amount of "documented lost wages and compensation to date," but did not specify the amounts of the other categories of damages claimed in his Complaint.  If the Plaintiff succeeds fully on his claims, however, his damages will easily rise about the required $75,000 threshold for diversity jurisdiction (*see McCarthy v. Bank of New York/Mellon,* No. CIV.A.10-10486-GAO, 2010 WL 2144241, at *1 (D. Mass. May 27, 2010) (once the amount in controversy is challenged, "the defendant has the burden of showing that the plaintiff's damages, if his claims succeed fully, rise above the jurisdictional threshold."):

   a.  Plaintiff claims that he was employed at the rate of $40.00 per hour (for straight time) by Axelon and National Grid, and that he is owed back pay from the time of his termination from employment (November 15, 2016) to the present.  Even assuming all hours worked only at straight time, not overtime, at the rate of $40.00 per hour for 40 hours per week ($1600 per week), Plaintiff's back pay damages (should he be successful) from November 15, 2016 to the present are approximately $132,800, far exceeding the $75,000 jurisdictional amount.  *See McCarthy,* 2010 WL 2144241, at *1 (where potential back pay damages exceed $75,000, defendant has shown that damages, if plaintiff succeeds on his M.G.L. c.151B, would likely rise above the jurisdictional threshold).

   b.  Additionally, Plaintiff has claimed unspecified amounts of front pay, emotional distress damages, and punitive damages (all of which are available

under M.G.L. c. 151B), which damages should also be taken into account in determining whether the jurisdictional threshold has been reached.

c. Finally, Plaintiff has also claimed that he received no pay at all for the last two weeks of his employment. Even assuming he did not receive any overtime during those two weeks, he would be owed $3,200.00 if his claim is successful. This amount is alleged to be owed under the Wage Act, and therefore subject to mandatory trebling, bringing it to $9,600.00, plus statutory attorney's fees. *See Firth v. T.D. Bank, N.A.,* Civil Action No. 13-12748-RGS, 2013 WL 6528510, at * 1-2 (D. Mass. Dec. 12, 2013) (statutory damages multipliers are included "as a matter of course" in the amount in controversy determination, as are attorney's fees when a statute mandates the fees, such as with the Wage Act); *see also Lucas v. Ultima Framingham LLC,* 973 F. Supp. 2d 98, 101 (D. Mass. 2013) ("[w]hen a plaintiff makes a claim under a statute including a damage multiplier, a court must apply that factor in evaluating the amount in controversy").

7.      Because Defendant National Grid can show that if Plaintiff's claims succeed fully, his damages will rise above the required threshold for diversity jurisdiction, the amount in controversy requirement has been met.

8.      Accordingly, removal is appropriate under 28 U.S.C. § 1441 because this Court has diversity jurisdiction over Plaintiff's claims and all other prerequisites for removal of this case to the United States District Court for the District of Massachusetts have been fulfilled.

## IV.    CONSENT OF ALL DEFENDANTS

9.    Defendant National Grid is represented by the undersigned counsel and consents to removal of this action.  Defendant Axelon Services Corporation is not represented by the undersigned counsel but consents to the removal of this action.  *See* Affidavit of Axelon Services Corporation, attached as Exhibit C.

## V.    CONCLUSION

10.    To date, neither Defendant has filed a responsive pleading in Plaintiff's state court action, nor have other proceedings transpired in that action.

11.    Pursuant to 28 U.S.C. § 1446(d), Defendant National Grid will promptly file a notice to the state court of its removal of this action to federal court, along with a copy of this Notice, in the Superior Court of Massachusetts, County of Middlesex.  Additionally, Defendant National Grid will serve a copy of the notice to the state court and a copy of this Notice on Plaintiff's counsel.

12.    In accordance with Local Rule 81.1, Defendant National Grid will file with this Court attested copies of all records, proceedings, and docket entries in the state court within twenty-eight (28) days of the date of this Notice.

13.    By removing this matter, Defendant National Grid does not waive, or intend to waive, any defense, including, but not limited to, insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendant National Grid respectfully requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of Massachusetts, County of Middlesex, to the United States District Court for the District of Massachusetts.

Respectfully submitted,

NATIONAL GRID USA SERVICE
COMPANY, INC.

By its attorneys,

/s/ Sandra E. Kahn
Robert M. Shea (BBO #556356)
Sandra E. Kahn (BBO #564510)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: (617) 994-5700
Facsimile:  (617) 994-5701
robert.shea@ogletreedeakins.com
sandra.kahn@ogletreedeakins.com

Dated:  June 25, 2018

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2018 a true and accurate copy of the foregoing document was served upon counsel for Plaintiff by email and first class mail as follows:

Michael J. Heiner, Esq.
805 Turnpike Street, Suite 101
North Andover, MA 01845
info@timfstark.com

/s/ Sandra E. Kahn
Sandra E. Kahn

34449363.1

7